UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **SHAWANNA SHEPARD** <br><br> V. <br><br> **JOHNSON & JOHNSON AND ETHICON, INC.** | CIVIL ACTION NUMBER: <br><br> SECTION: <br><br> DIVISION: <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: <br><br> JURY DEMAND |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **SHAWANNA SHEPARD** ("Plaintiff"), to file this Complaint against Defendants, **JOHNSON & JOHNSON AND ETHICON, INC.** ("Defendants").

## PARTIES

1. Plaintiff is an individual of the full age of majority domiciled in Caddo Parish, Louisiana, who was injured as a result of receiving defective hernia mesh researched, designed, developed, tested, manufactured, labeled, packaged, promoted, advertised, marketed, supplied, sold, and/or distributed by Defendants.

2. The following parties are made Defendants:

   A. **JOHNSON & JOHNSON** ("Johnson") is a for-profit corporation organized under the laws of New Jersey with a principal place of business in New Jersey at 1 Johnson & Johnson Plaza, New Brunswick, New Jersey 08933. At all relevant times, Johnson conducted business in Louisiana including, but not limited to, business related to surgical products and medical devices involved in hernia repair such as Proceed. All

        acts and omissions of Johnson were done on behalf of Johnson by its owners, employees, agents, representatives, and servants in the course and scope of their ownership, employment, agency, representation, and service.

    B.    **ETHICON, INC.** ("Ethicon") is a for-profit corporation organized under the laws of New Jersey with a principal place of business in New Jersey at 555 West Route 22, Somerville, New Jersey 08876. At all relevant times, Ethicon conducted business in Louisiana including, but not limited to, business related to surgical products and medical devices involved in hernia repair such as Proceed. All acts and omissions of Ethicon were done on behalf of Ethicon by its owners, employees, agents, representatives, and servants in the course and scope of their ownership, employment, agency, representation, and service.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and Plaintiff and Defendants are citizens of different states.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to this claim occurred in the Western District of Louisiana including the surgery implanting Defendants' surgical mesh product into Plaintiff and the resulting injuries suffered by Plaintiff.

5. Defendants conducted substantial business through the distribution of surgical mesh products as well as received significant compensation and profits from sales of surgical mesh products in Louisiana and the Western District of Louisiana. While conducting substantial business in Louisiana and the Western District of Louisiana, Defendants also made material misrepresentations and omissions of fact with regard to the effectiveness, safety, risks, side effects, contraindications, and complications related to surgical mesh products. In addition, Defendants directly or indirectly promoted, advertised, marketed, supplied, sold, and/or

distributed surgical mesh products in Louisiana and the Western District of Louisiana.

## GENERAL ALLEGATIONS

6. In approximately December of 2015, Plaintiff underwent surgery to repair a hernia and Proceed was implanted during the surgery.

7. As a result of the implantation of the defective Proceed, Plaintiff suffered injuries including, but not limited to, pain, recurrence, and additional surgery.

8. Defendants researched, designed, developed, tested, manufactured, labeled, packaged, promoted, advertised, marketed, supplied, sold, and/or distributed Proceed. Proceed is composed of a layer of Oxidized Regenerated Cellulose ("ORC") adhered to a layer of light-weight polypropylene mesh by Polydioxanone. The ORC side of the surgical mesh is intended to be placed on the visceral side and the light-weight polypropylene mesh is intended to be placed on the parietal side. The multilayer design of Proceed is not used in any other surgical mesh products sold in the United States.

9. In order to create the ORC, Defendants expose the surgical mesh to radiation including the light-weight polypropylene mesh, which degrades the light-weight polypropylene mesh. It is well known that polypropylene should not be sterilized by using radiation because the polymers will be significantly degraded. The United States Food and Drug Administration ("FDA") has received numerous reports of Proceed degrading.

10. The ORC layer has a tendency to delaminate from the light-weight polypropylene mesh leading to seroma formation. The layers of Proceed harbor bacteria allowing infection to proliferate as well.

11. When the ORC degrades or delaminates, the human body is exposed to the light-weight polypropylene mesh and polypropylene is toxic when inserted into the human body. Polypropylene develops and promotes toxicity once placed in the human body because the cells attack polypropylene as a foreign substance, which promotes a foreign body response resulting in complications. Moreover, the light-weight polypropylene mesh used in Proceed is weak and more prone to tearing and blow outs.

12. Defendants misrepresented Proceed as a safe and effective treatment for hernias; wrongly marketed Proceed as safer and more effective than other available meshes or methods for hernia repair; and improperly minimized the adverse effects of Proceed.

13. Defendants knew or should have known that Proceed was not a safe and effective treatment for hernias. Defendants also knew or should have known that Proceed was considerably more harmful and inadequate than other meshes or methods for hernia repair. Additionally, Defendants knew or should have known that Proceed was unreasonably dangerous as well as defective and likely to cause severe complications.

14. Defendants knew or should have known of the defective nature of Proceed, but continued to research, design, develop, test, manufacture, label, package, promote, advertise, market, supply, sell, and/or distribute Proceed so as to maximize sales and profits at the expense of the health and safety of the general public and Plaintiff. Defendants acted in conscious disregard for the foreseeable harm caused by Proceed in not adequately warning the FDA, the general public, the medical community, or Plaintiff of the numerous side effects, complications, and contraindications of Proceed.

15. Contrary to Defendants' representations, Proceed has a high rate of failure, injury, and complication; fails to perform as intended; and causes severe and irreversible injuries like those suffered by Plaintiff.

16. Proceed is unreasonably dangerous and defective including, but not limited to, as follows:

    A. The ORC layer does not provide an adequate barrier between the light-weight polypropylene mesh and the human body.

    B. Polypropylene is toxic in the human body so polypropylene reacts to human tissues or other human bodily contents adversely affecting patient health.

    C. Polypropylene surgical mesh regularly fails to perform as a safe and effective treatment for hernia repair such that the patient requires removal of polypropylene surgical mesh or additional medical treatment.

    D. Polypropylene surgical mesh causes significant injury to patients such that the polypropylene surgical mesh must be removed through invasive surgical intervention.

    E. Polypropylene surgical mesh becomes embedded in human tissue or other human bodily contents over time such that if removal is necessary, then the removal causes additional damage adversely affecting patient health.

    F. Defendants knew or should have known about the potential risk of injury as well as the toxicity of polypropylene when placed in the human body but withheld the information.

    G. Exposing the light-weight polypropylene mesh when creating the ORC causes degradation.

    H. The light-weight polypropylene mesh used in Proceed is weak and prone to tearing and blow outs.

    I. The ORC layer has a tendency to delaminate from the light-weight polypropylene mesh layer.

    J. The layers of Proceed harbor bacteria.

    K. Proceed is defective in shape, composition, weight, chemical, material, physical properties, pore size, mechanical properties, biomechanical properties, elasticity, and engineering.

L. Defendants failed to design a non-toxic surgical mesh product that does not cause injury.

M. Defendants failed to provide adequate warning of the numerous side effects, complications, and contraindications of Proceed.

N. Proceed is not a safe and effective treatment for hernias as warrantied by Defendants.

## CAUSES OF ACTION

### CONSTRUCTION OR COMPOSITION DEFECT PURSUANT TO LA. R.S. 9:2800.55

17. Plaintiff reavers and realleges each and every allegation of this Complaint.

18. Pursuant to La. R.S. 9:2800.55,

    A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.

19. The danger to people including Plaintiff resulting from the construction or composition defects in Proceed was foreseeable by Defendants.

20. Proceed is unreasonably dangerous in construction or composition pursuant to La. R.S. 9:2800.55 and damaged Plaintiff.

### DESIGN DEFECT PURSUANT TO LA. R.S. 9:2800.56

21. Plaintiff reavers and realleges each and every allegation of this Complaint.

22. Pursuant to La. R.S. 9:2800.56,

    A product is unreasonably dangerous in design if, at the time the product left its manufacturer's control: (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.

23. The danger to people including Plaintiff resulting from the design defects in Proceed was foreseeable by Defendants.

24. Proceed is unreasonably dangerous in design pursuant to La. R.S. 9:2800.56 and damaged Plaintiff.

### INADEQUATE WARNING PURSUANT TO LA. R.S. 9:2800.57

25. Plaintiff reavers and realleges each and every allegation of this Complaint.

26. Pursuant to La. R.S. 9:2800.57,

    A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product....A manufacturer of a product who, after the product has left his control, acquires knowledge of a characteristic of the product that may cause damage and the danger of such characteristic, or who would have acquired such knowledge had he acted as a reasonably prudent manufacturer, is liable for damage caused by his subsequent failure to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

27. The danger to people including Plaintiff resulting from the lack of adequate warning related to Proceed was foreseeable by Defendants.

28. Proceed is unreasonably dangerous because of the lack of adequate warning pursuant to La. R.S. 9:2800.57 and damaged Plaintiff.

### BREACH OF EXPRESS WARRANTY PURSUANT TO LA. R.S. 9:2800.58

29. Plaintiff reavers and realleges each and every allegation of this Complaint.

30. Pursuant to La. R.S. 9:2800.58,

    A product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.

31. The danger to people including Plaintiff resulting from the failure to conform to express warranties related to Proceed was foreseeable by Defendants.

32. Proceed is unreasonably dangerous because of the failure to conform to express warranties pursuant to La. R.S. 9:2800.58 and damaged Plaintiff.

## NEGLIGENCE

33. Plaintiff reavers and realleges each and every allegation of this Complaint.

34. Pursuant to Article 2315 of the Louisiana Civil Code,

    Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

35. The danger to people including Plaintiff related to Proceed resulting from negligence was foreseeable by Defendants.

36. Defendants were negligent in researching, designing, developing, testing, manufacturing, labeling, packaging, promoting, advertising, marketing, supplying, selling, and/or distributing Proceed and damaged Plaintiff.

## REDHIBITION

37. Plaintiff reavers and realleges each and every allegation of this Complaint.

38. Pursuant to Article 2520 of the Louisiana Civil Code,

    The seller warrants the buyer against redhibitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale. A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

39. The danger to people including Plaintiff resulting from the redhibitory defects or vices related to Proceed was foreseeable by Defendants.

40. Proceed contains redhibitory defects or vices and damaged Plaintiff.

## BREACH OF WARRANTY OF FITNESS FOR ORDINARY USE

41. Plaintiff reavers and realleges each and every allegation of this Complaint.

42. Pursuant to Article 2524 of the Louisiana Civil Code,

    The thing sold must be reasonably fit for its ordinary use. When the seller has reason to know the particular use the buyer intends for the thing, or the buyer's particular purpose for buying the thing, and that the buyer is relying on the seller's skill or judgment in selecting it, the thing sold must be fit for the buyer's intended use or for his particular purpose. If the thing is not so fit, the buyer's rights are governed by the general rules of conventional obligations.

43. The danger to people including Plaintiff resulting from the breach of warranty of fitness for ordinary use related to Proceed was foreseeable by Defendants.

44. Proceed is not reasonably fit for ordinary use and damaged Plaintiff.

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS

45. Plaintiff reavers and realleges each and every allegation of this Complaint.

46. Defendants knew or should have known of the uses for which Proceed was intended and impliedly warranted that Proceed would be of merchantable quality and safe and fit for such uses.

47. The danger to people including Plaintiff resulting from the breach of implied warranty of merchantability and fitness related to Proceed was foreseeable by Defendants.

48. Proceed is not of merchantable quality or safe and fit for intended uses and damaged Plaintiff.

## DAMAGES

49. Plaintiff reavers and realleges each and every allegation of this Complaint.

50. Plaintiff alleges entitlement to such damages as are reasonable including, but not limited to, the following:

   A. Past, present, and future medical expenses;

   B. Past, present, and future physical pain and suffering;

   C. Past, present, and future mental anxiety and anguish;

   D. Past, present, and future lost wages and earnings;

   E. Past, present, and future loss of earning capacity;

   F. Past, present, and future loss of enjoyment of life; and

   G. All reasonable damages as will be more fully shown at trial.

## JURY DEMAND

51. Plaintiff reavers and realleges each and every allegation of this Complaint.

52. Plaintiff is entitled to and demands a trial by jury.


**WHEREFORE,** Plaintiff, **SHAWANNA SHEPARD**, prays that there be a judgment against Defendants, **JOHNSON & JOHNSON AND ETHICON, INC.**, for all reasonable damages, legal interest, attorney's fees, and costs.


   **DATED:**     **DECEMBER 11, 2017**

Respectfully Submitted,

**/s/ Jessica W. Hayes, Trial Attorney (#28927)**
**Jessica W. Hayes, Trial Attorney (#28927)**
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 525-8100
Facsimile: (504) 584-5249
E-mail: jhayes@murray-lawfirm.com