UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHAWANNA SHEPARD | * CIVIL ACTION NO: 5:17-cv-01604-TAD-MLH |
|     Plaintiff | * |
| | * |
| vs. | * JUDGE Terry A. Doughty |
| | * |
| JOHNSON & JOHNSON, et al | * MAGISTRATE JUDGE Mark L. Hornsby |
|     Defendants | * |

# MEMORANDUM IN SUPPORT OF
# DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................... 1

II. LAW AND ARGUMENT ..................................................................................... 2

A. SUMMARY JUDGMENT STANDARD ............................................................ 2

B. LOUISIANA PRODUCTS LIABILITY ACT CLAIMS. ........................................... 2

   i. No evidence supports Plaintiff's construction/composition claim. ............................ 3

   ii. No evidence supports Plaintiff's design claim. Plaintiff has no evidence that PVP is unreasonably dangerous in design. ............................................................................... 4

   iii. No evidence supports Plaintiff's inadequate warning claim. ................................. 5

   iv. No evidence supports Plaintiff's breach of express warranty claim. ..................... 9

   v. Plaintiff has no proof of causation. ....................................................................... 10

C. REDHIBITION CLAIM. ................................................................................. 12

D. NON-LPLA THEORIES. ................................................................................ 12

III. CONCLUSION ................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Alston v. Fleetwood Motor Homes of Indiana Inc.*, 480 F.3d 695 (5th Cir. 2007) ........................ 15

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) .................................................................. 2

*Barrette v. Dow Agrosciences, L.L.C.,* 2002 WL 31365598 (E.D. La. Oct.18, 2002) ................. 16

*Blackwell v. Ethicon, Inc.*, No. 2:12-CV-03155, 2017 WL 2884531 (S.D.W. Va. July 6, 2017) 14

*Brown v. Barriere Const. Co.*, 2002 WL 125577 (E.D. La. Jan. 29, 2002) .................................... 3

*Campo v. State Farm Fire & Cas. Co.*, No. 06-2611, 2007 WL 2710817 (E.D. La. Sept. 12, 2007) ............................................................................................................................... 14

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................... 2

*Clay v. Int'l Harvester Co.*, 95-1572 (La. App. 3 Cir. 05/08/96); 674 So. 2d 398 ....................... 12

*Dalme v. Blockers Mfd. Homes, Inc.*, 779 So.2d 1014 (La. Ct. App. 3 Cir.2001) ....................... 15

*Dendinger v. Covidien LP*, No. CV 18-4168, 2018 WL 4462579 (E.D. La. Sept. 18, 2018) 12, 15

*Ervin v. Guidant Corp.*, 08-03783, 2010 WL 3081306 (E.D. La. Aug. 5, 2010) ......................... 16

*Evans v. Ford Motor Co.*, 484 F.3d 329 (5th Cir. 2007) .............................................................. 12

*Forsyth v. Barr*, 19 F.3d 1527 (5th Cir. 1994) ............................................................................... 2

*Grenier v. Medical Engineering Corp.*, 243 F.3d 200 (5th Cir. 2000) ...................................... 5, 6

*Hall v. Sinn, Inc.*, 102 F. App'x 846 (5th Cir. 2004) ..................................................................... 7

*Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245 (5th Cir. 1997) ...................................... 3, 16

*Jenkins v. Int'l Paper Co.*, 41,566 (La. App. 2 Cir. 11/15/06), 945 So. 2d 144 .......................... 16

*Krummel v. Bombardier Corp.*, 206 F.3d 548 (5th Cir. 2000) .................................................. 5, 6

*McCarthy v. Danek Medical, Inc.*, 65 F.Supp.2d 410 (E.D. La. 1999) ..................................... 5, 7

*Mikell v. Hoffman, Laroche, Inc.*, 94-0242 (La. App. 1 Cir. 12/22/94) 649 So. 2d 75 ................. 7

*Pick v. Am. Med. Sys., Inc.*, 958 F. Supp. 1151 (E.D. La. 1997) ................................................ 13

*Pipitone v. Biomatrix, Inc.*, 288 F.3d 239 (5th Cir. 2002) ........................................................... 15

*Reed v. Biomet Orthopedics, Inc.,* No. 06–544, 2008 WL 4829958 (W.D. La. Aug. 8, 2005), *aff'd*, 318 Fed. Appx. 305 (5th Cir.2009) .................................................................. 4, 11

*Reeves v. AcroMed Corp*, 44 F. 3d 300 (5th Cir.1995), *cert denied*, 515 U.S. 1104 (1995).......... 5

*Rhodes v. Bayer Healthcare Pharm. Inc.*, No. 10-1695, 2013 WL 1282450 (W.D. La. Mar. 28, 2013) ................................................................................................................................. 14

*Ridgeway v. Pfizer, Inc.,* No. CV 09-2794, 2010 WL 1729187 (E.D. La. Apr. 27, 2010).......... 13

*Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254 (5th Cir. 2002)............................................. passim

*Stewart v. Capital Safety USA*, 867 F.3d 517 (5th Cir. 2017) ...................................................... 13

*Theriot v. Danek Medical, Inc.,* 168 F.3d 253 (5th Cir. 1999) .................................................. 6, 7

*Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094 (5th Cir. 1991) ........................................................... 6

*Zeigler v. BP Am. Prod. Co.,* No. CIV.A. 05-4138, 2006 WL 2850163 (E.D. La. Oct. 4, 2006), *aff'd*, 249 F. App'x 999 (5th Cir. 2007) ............................................................................... 2

**Statutes**

La. Civ. Code Ann. art. 2520 ...................................................................................................... 15

La. Rev. Stat. Ann. § 2800.57 ....................................................................................................... 6

La. Rev. Stat. Ann. § 9:2800.52 ......................................................................................... 1, 3, 16

La. Rev. Stat. Ann. § 9:2800.54 ............................................................................................... 3, 6

La. Rev. Stat. Ann. § 9:2800.55 .................................................................................................... 4

La. Rev. Stat. Ann. § 9:2800.56 .................................................................................................... 5

La. Rev. Stat. Ann. § 9:2800.58 .................................................................................................. 11

**Rules**

Fed R. Civ. P. 56 ............................................................................................................................ 2

**MAY IT PLEASE THE COURT:**

Shawanna Shepard ("Plaintiff") claims PROCEED® Ventral Patch hernia mesh ("PVP") implanted during her hernia surgery was unreasonably dangerous and caused her damages. She sued the Defendants Johnson & Johnson and Ethicon, Inc. ("Ethicon") as manufacturers of that product, but she lacks the requisite evidence to support any available theory of recovery. Therefore, this Court should grant summary judgment dismissing all of her claims.

## I.   INTRODUCTION

Plaintiff filed suit on December 11, 2017, seeking damages arising from the use of Ethicon's PVP during her umbilical hernia repair surgery on December 9, 2015.[1] Plaintiff claims that she suffered pain and a hernia recurrence that required a second hernia repair surgery because the PVP was unreasonably dangerous.[2] She claims that the PVP was unreasonably dangerous due to its: (1) construction or composition; (2) design; (3) inadequate warnings; and (4) breach of express warranty.[3] She also seeks damages under redhibition and a number of claims barred by the exclusivity provision of the Louisiana Products Liability Act ("LPLA"). La. Rev. Stat. Ann. § 9:2800.52 (West 2019). Plaintiff's deadline to provide expert reports was September 27, 2019.[4] She did not provide any expert reports.

Without expert proof, summary judgment should be granted on Plaintiff's construction/composition and design claims. She cannot prevail on her inadequate warning claim because when her surgeon implanted the PVP, she knew that hernia recurrence could occur.[5] Plaintiff's breach of express warranty claim fails because she has no evidence of any

---

[1]   Rec. Doc. 1 at ¶ 6. A hernia is a hole in the muscular layer of the abdominal wall, through which pre-peritoneal or intra-abdominal contents can protrude. This protrusion results in a bulge, which is often associated with abdominal discomfort and cosmetic deformity.
[2]   Rec. Doc. 1 at ¶7.
[3]   Rec. Doc. 1 at ¶¶ 17-32.
[4]   Rec. Doc. 42, Order granting Plaintiff's Motion for Extension of Deadlines, which Ethicon did not oppose.
[5]   Ex. A, Deposition of Dr. Kathryn Richardson, at 30:6-23; 34:19-35:6; 40:4-24; 79:20-80:4.

express warranty.

Plaintiff's redhibition claim fails because she has no proof of a defect. And Plaintiff's non-LPLA claims are barred by the exclusivity provision of the Act. Therefore, Ethicon is entitled to summary judgment on all of Plaintiff's claims.

## II.   LAW AND ARGUMENT

### A.  SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). Plaintiff has the burden of proof at trial, and it is sufficient for defendants to identify those elements of Plaintiff's claims where there is an absence of proof. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In response, Plaintiff must "identify **specific evidence in the record**, and articulate the 'precise manner' in which that evidence" supports her claim. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (emphasis added); *Zeigler v. BP Am. Prod. Co.,* No. CIV.A. 05-4138, 2006 WL 2850163, at *1 (E.D. La. Oct. 4, 2006), *aff'd*, 249 F. App'x 999 (5th Cir. 2007).

### B.  LOUISIANA PRODUCTS LIABILITY ACT CLAIMS.

Suits for injuries caused by medical devices are governed by the Louisiana Products Liability Act ("LPLA"), which is the exclusive theory of liability against product manufacturers for injuries caused by their products.[6] La. Rev. Stat. Ann. § 9:2800.52 (West 2019); *Jefferson v.*

---

[6] This case was filed in Louisiana, so Louisiana choice-of-law rules apply. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Louisiana law, a tort claim "is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." La. Civ. Code art. 3542. Factors relevant to this determination include the place of the injury, residence of the parties, and the nature of the relationship between the parties. *Id*. Here, Plaintiff resides in Louisiana, the device at issue was implanted in Louisiana, and the alleged injuries occurred in Louisiana. Therefore, Louisiana's substantive law applies.

00640937                                              2

*Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1248 (5th Cir. 1997) ("Louisiana law eschews all theories of recovery in this case except those explicitly set forth in the LPLA."). In order to prevail, Plaintiff must prove that PVP was "unreasonably dangerous" under one of <u>only</u> four theories: (1) construction or composition; (2) design; (3) inadequate warning; or (4) breach of express warranty. La. Rev. Stat. Ann. § 9:2800.54 (West 2019). Plaintiff has no evidence to support any of these theories, so Ethicon is entitled to summary judgment. *Brown v. Barriere Const. Co.*, 2002 WL 125577, at *4 (E.D. La. Jan. 29, 2002).

### i. No evidence supports Plaintiff's construction/composition claim.

"The 'unreasonably dangerous in construction or composition' provision of the LPLA provides a remedy for damages caused by a product that is defective due to a mistake in the manufacturing process." *Stahl*, 283 F.3d at 262-63, citing La. Rev. Stat. Ann. § 9:2800.55 (West 2019). Plaintiff must prove that "at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." *Id.* In both *Stahl* and *Reed v. Biomet Orthopedics, Inc.,* No. 06–544, 2008 WL 4829958, at *8 (W.D. La. Aug. 8, 2005), *aff'd*, 318 Fed. Appx. 305 (5th Cir.2009), the Fifth Circuit affirmed summary judgment for the defendants on the construction/composition claims because there was no evidence that the products deviated from the manufacturer's specifications or standards or from the manufacturer's otherwise identical products.

In this case, Plaintiff has no evidence that the PVP mesh deviated from its intended specifications. Therefore, Plaintiff's construction/composition claim fails.

### ii. No evidence supports Plaintiff's design claim. Plaintiff has no evidence that PVP is unreasonably dangerous in design.

Plaintiff likewise offers no evidence of defective design of the PVP. She served no expert reports, and "Louisiana law does not allow a fact finder to presume an unreasonably dangerous design solely from the fact that injury occurred." *Grenier v. Medical Engineering Corp.*, 243 F.3d 200, 205 (5th Cir. 2000), quoting *Krummel v. Bombardier Corp.*, 206 F.3d 548, 551 (5th Cir. 2000), quoting *McCarthy v. Danek Medical, Inc.*, 65 F.Supp.2d 410, 412 (E.D. La. 1999) [internal quotations omitted].

Plaintiff also offers no evidence of any alternative design of the PVP. To prevail on a design claim under the LPLA, Plaintiff must establish the existence of an alternative safer design that would have prevented her alleged damages. La. Rev. Stat. Ann. § 9:2800.56(1) (West 2019); *Reeves v. AcroMed Corp*, 44 F. 3d 300, 308 (5th Cir.1995), *cert denied*, 515 U.S. 1104 (1995). Plaintiff has no expert or technical evidence to support the existence of such an alternative design, so she has failed to meet this burden. *McCarthy*, 65 F.Supp.2d at 411-12. **Such failure is "fatal to [a plaintiff's] claim that the [defendant's] product was unreasonably dangerous due to a design defect."**[7] *Theriot v. Danek Medical, Inc.,* 168 F.3d 253, 256 (5th Cir. 1999) (emphasis added).

Both Plaintiff's implanting and revising surgeons, Drs. Richardson and Griffen, affirmed that the mere recurrence of Plaintiff's hernia is not evidence of any defect in the PVP:

---

[7] Plaintiff cannot meet her burden of proving an alternative design by pointing to alternative methods or products; it must be an alternative design for the specific product in question. *Theriot v. Danek Med., Inc.*, No. Civ. A. 94-2646, 1997 WL 1949373, at *3 (E.D. La. Dec. 5, 1997), *aff'd*, 168 F.3d 253 (5th Cir. 1999); *McCarthy*, 65 F.Supp.2d at 411-12.

**Dr. Richardson**: Her recurrence was not because of the device.[8]

**Dr. Griffen**: This hernia recurrence that occurred from her first hernia operation could have occurred whether mesh was used or not. And the cause of the recurrence, I cannot say for sure.[9]

Ethicon is entitled to summary judgment on Plaintiff's design claim.

### iii. No evidence supports Plaintiff's inadequate warning claim.

In order to succeed on an inadequate warning claim, Plaintiff must prove: (1) inadequacy of the warning; and (2) that the inadequate warning was the cause of her injuries. *Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098-99 (5th Cir. 1991); *Grenier*, 243 F.3d at 205; *see also* La. Rev. Stat. Ann. § 2800.54 and La. Rev. Stat. Ann. § 2800.57 (West 2019); *Krummel*, 206 F.3d at 557; *Stahl,* 283 F.3d at 261. Louisiana applies the learned intermediary doctrine to claims involving medical devices, so any duty to warn extends only to Plaintiff's implanting surgeon. And an inadequate warning can *only* be a proximate cause of Plaintiff's injury if the surgeon would not have otherwise used the product. *Stahl*, 283 F.3d at 265-66, 268; *see also McCarthy*, 65 F.Supp. 2d at 413 ("Under Louisiana law generally, a manufacturer of medical drugs and devices has no duty to warn the consumer directly of any risks or contraindications associated with its products."), citing *Mikell v. Hoffman, Laroche, Inc.*, 94-0242, at *12-13 (La. App. 1 Cir. 12/22/94) 649 So. 2d 75, 80. "The obligation to the consumer is fulfilled when the prescribing or treating physician is informed of any potential side effects or risks from the [product]'s use so that they may intelligently decide on its use and advise the patient. The doctor acts as an informed intermediary, and the decision to use the [product] in a particular circumstance rests with the doctor and the patient, not the manufacturer." *Mikell*, 649 So.2d at 80.

---

[8]   Ex. A, Richardson Deposition, 61:5.
[9]   Ex. B, Deposition of Dr. Forrest Dean Griffen, 46:16-19.

In *Theriot*, *supra*, the Fifth Circuit affirmed a summary judgment ruling in favor of the defendant medical device manufacturer on an inadequate warning claim **where the plaintiff's implanting surgeon "testified that he was fully apprised of the potential risks of the product."** 168 F.3d at 256 (emphasis added). And in *Hall v. Sinn, Inc.*, 102 F. App'x 846, 850 (5th Cir. 2004), the Fifth Circuit held that where a physician testifies that he was independently aware of the risks associated with the product, even without reading the accompanying warning label, the plaintiff's inadequate warning claim must fail as a matter of law. Here, Plaintiff's implanting surgeon was aware of the risks of hernia recurrence and pain (the injuries Plaintiff alleges) prior to her surgery:

> Q [Defendants' Counsel]: And is that -- is **the risk of recurrence a risk that you would have been aware of in December of 2015** when you performed Ms. Shepard's surgery?
>
> A: **Yes**.[10]
>
> . . .
>
> Q: Dr. Richardson, is pain a known potential complication when you repair a hernia surgically?
>
> A: Yes.
>
> Q: And is pain a known potential complication when you repair a hernia surgically regardless of whether a mesh is in the repair?
>
> A: Yes.
>
> Q: And is that true regardless of what type of mesh is used in repair?
>
> A: Yes.[11]

Dr. Richardson further testified that she advised Plaintiff of these risks and weighed the

---

[10] Ex. A, Richardson Deposition, 30:6-9. (emphasis added)
[11] *Id*., at 31:1-7.

risks and benefits of use of the PVP prior to her December 2015 surgery:

> Q [Defendants' Counsel]: And is that -- **is the risk of recurrence a risk that you would have been aware of in December of 2015 when you performed Ms. Shepard's surgery**?
>
> A: **Yes.**
>
> Q: And is that risk of recurrence something you would weigh against the benefits of the hernia repair with mesh for Ms. Shepard?
>
> A: Well, knowing that if you repair it primarily, I would say a hundred percent chance if it's going to come back. So accepting the risk of mesh, and non specific to the PROCEED patch, but any mesh has its own complications. But by using mesh, you are decreasing the chances of a recurrent hernia. Never zero, but less than a primary repair.[12]
>
> . . .
>
> Q: And where it says above that "consent signed and placed in chart," would that include a discussion of the risk of recurrence?
>
> A: On the consent, yes.
>
> Q: And would that include a discussion of the risk of pain with hernia repair?
>
> A: It should.[13]
>
> . . .
>
> Q: **And it says, "She understood the risks and benefits of the procedure and elected for surgical intervention;" is that right?**
>
> A: **Right**
>
> . . .
>
> A: **Risks are recurrence of the hernia, number one**. Any

---

[12] *Id.*, at 30:6-19.
[13] *Id.*, at 34:25-35:6. (emphasis added)

00640937            7

> hernia we fix, risk of recurrence is probably -- kind of most feared but not necessarily most common. **Pain**, injury to bowel, injury to bladder, chronic pain even after the postoperative pain.[14]
>
> . . .
>
> Q [Plaintiff's Counsel]: Would you have talked to Ms. Shepard about the use of mesh in her surgery?
>
> A: Yes.
>
> Q: Would you have talked to Ms. Shepard specifically, about the risks associated with using mesh in a surgery?
>
> A: Yes.
>
> Q: And **what risks would you have described to Ms. Shepard about the use of mesh during her surgery**?
>
> A: Bleeding, infection, **pain** with any surgery, risk of **recurrence of hernia**, risk of injury to bowel or bladder, chronic pain.[15]

Dr. Richardson further testified that she would not change her decision to use PVP in

Plaintiff's surgery:

> Q [Defendants' Counsel]: And so, with the characteristics that Ms. Shepard presented with in December 2015, would you stand by your decision to use the PROCEED Ventral Patch - -
>
> A: Yes.
>
> Q: -- repair her hernia?
>
> A: Yes.
>
> A: Bleeding, infection, **pain** with any surgery, risk of **recurrence of hernia**, risk of injury to bowel or bladder, chronic pain.[16]
>
> . . .

---

[14] *Id.*, at 40:9-12; 40:20-24. (emphasis added)
[15] *Id.*, at 79:17 - 80:4. (emphasis added)
[16] *Id.*, at 79:17 - 80:4.

00640937  8

> Q: And so for that reason, **you would stand by your decision to use the PROCEED Ventral Patch in Ms. Shepard's repair**?
>
> A: **Yes.**[17]
>
> . . .
>
> Q: But **knowing everything you know today, would you still use the PROCEED Ventral Patch in your December 2015 hernia repair of Ms. Shepard**?
>
> A: **I would**.[18]

Because Plaintiff's implanting surgeon knew about the risk of recurrence and pain prior to the use of PVP in Plaintiff's December 2015 surgery, Plaintiff's inadequate warning claim fails and Ethicon is entitled to summary judgment in its favor.

### iv. No evidence supports Plaintiff's breach of express warranty claim.

To establish a breach of express warranty claim, Plaintiff must prove that an express warranty induced her or another person or entity to use the product and that her damage was proximately caused because that express warranty was untrue. La. Rev. Stat. Ann. § 9:2800.58 (West 2019); *see also Reed v. Biomet Orthopedics, Inc.,* No. 06–544, 2008 WL 4829958, at *8 (W.D. La. Aug. 8, 2005), *aff'd*, 318 Fed. Appx. 305 (5th Cir.2009). Plaintiff has no evidence of an express warranty.

In response to Ethicon's interrogatories, Plaintiff makes the general assertion that, "Defendants expressly warranted that Ethicon Proceed was a safe and effective treatment for hernias" in "documents and materials including promotional materials" and that "Defendants

---

[17] *Id.* at 30:20-23. (emphasis added)
[18] *Id.* at 93:6-9. (emphasis added)

withheld information from Plaintiff and Plaintiff's healthcare providers" [19] but to date has offered no evidence of what said express warranty was and how reliance on it led to her injury; nor did her treating physicians offer any testimony that any express warranty induced them to use the product. To the contrary, as noted *supra*, Plaintiff's treating surgeons testified that her complaint of injuries, recurrence and pain, are known complications with use of *any* mesh product in hernia repair. And Plaintiff herself claims no knowledge related to use of the mesh in her hernia repair prior to her December 2015 surgery.[20] *See Evans v. Ford Motor Co.*, 484 F.3d 329, 336 (5th Cir. 2007) (requiring that a plaintiff "adduce evidence that he or she had read or was aware of the express warranty and was induced to use the product because of it" before prevailing on an express warranty claim under Louisiana law); *Clay v. Int'l Harvester Co.*, 95-1572 (La. App. 3 Cir. 05/08/96); 674 So. 2d 398, 412 (affirming dismissal of express warranty claim where there was no evidence that plaintiff was aware of any express warranty prior to using the product); *see also Dendinger v. Covidien LP*, No. CV 18-4168, 2018 WL 4462579, at *3 (E.D. La. Sept. 18, 2018). Where Plaintiff has offered no evidence that an express warranty induced use of the hernia mesh by either her or her treating physicians and offers no evidence as to *how* any supposed breach of express warranty caused her injuries, Ethicon is entitled to summary judgment on Plaintiffs' express warranty claim.

### v. Plaintiff has no proof of causation.

All of Plaintiff's claims fail for lack of evidence of legal causation. The Fifth Circuit and Louisiana federal district courts have recognized that unless the product or product feature at

---

[19] Rec. Doc. 43-2, Plaintiff's Responses to Defendants' Interrogatories, dated September 17, 2018, Response to Interrogatory No. 19. (Plaintiff's discovery responses are subject to a pending Motion to Compel for failure to supplement her deficient responses, *see* Rec. Docs. 43 & 44).

[20] Rec. Doc. 25, Plaintiff's Opposition to Motion for Summary Judgment, at p. 25, stating "Plaintiff was not told that hernia mesh was going to be implanted during the hernia repair surgery on December 9, 2015," citing her own deposition testimony and Affidavit, Rec. Docs. 25-10 & 25-11.

issue is "relatively uncomplicated . . . such that a layman could readily grasp" it, expert testimony is required to prove causation in a products liability lawsuit. *Stewart v. Capital Safety USA*, 867 F.3d 517, 521 (5th Cir. 2017).

To withstand summary judgment in cases like this one involving a prescription medical device, Plaintiff must present expert evidence that: (1) the product is capable of causing the condition alleged (general causation); and (2) the product caused the plaintiff's specific injuries (specific causation). *See Pick v. Am. Med. Sys., Inc.*, 958 F. Supp. 1151, 1164 (E.D. La. 1997). The failure to produce expert evidence on either of these issues warrants dismissal of Plaintiff's LPLA claims by summary judgment in favor of defendants. *See, e.g., Ridgeway v. Pfizer, Inc.*, No. CV 09-2794, 2010 WL 1729187, at *2 (E.D. La. Apr. 27, 2010)("Opinions of courts both in this District as well as in the Fifth Circuit have held that summary judgment is appropriate when a plaintiff fails to produce any evidence that might demonstrate causation."); *Rhodes v. Bayer Healthcare Pharm. Inc.*, No. 10-1695, 2013 WL 1282450, at *2 (W.D. La. Mar. 28, 2013) ("Plaintiffs have no expert evidence to establish an essential element of their claims, that is, [plaintiff]'s resulting injury was caused by [defendant]'s product . . . ."); *Blackwell v. Ethicon, Inc.*, No. 2:12-CV-03155, 2017 WL 2884531, at *3 (S.D.W. Va. July 6, 2017) (applying Louisiana law and holding that without experts, "plaintiffs failed to meet their burden of proving that a defect in [Plaintiff's implant] caused her alleged injuries").

Plaintiff has no expert evidence that her damages were legally caused by PVP. Her expert reports were due no later than September 27, 2019. She provided no expert reports, despite a previous extension of time to produce said reports, and she will be unable to introduce any expert testimony at trial. *See Campo v. State Farm Fire & Cas. Co.*, No. 06-2611, 2007 WL 2710817, at *2 (E.D. La. Sept. 12, 2007) (striking expert witnesses for the failure to comply with the

scheduling order). Plaintiff cannot prevail on any of her LPLA claims absent expert evidence establishing to a reasonable degree of medical certainty that a defect in the PVP caused her alleged injuries, so all of her claims should be dismissed.

### C. REDHIBITION CLAIM.

The LPLA preserves redhibition as a cause of action only to the extent the claimant seeks to recover the value of the product or other economic loss. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 251 (5th Cir. 2002). To prevail, Plaintiff "must prove: '(1) the thing sold is absolutely useless for its intended purposes or that its use is so inconvenient that it must be supposed that he would not have bought it had he known of the **defect**; (2) that the defect existed at the time he purchased the thing, but was neither known or apparent to him; (3) that the seller was given the opportunity to repair the **defect**.'" *Alston v. Fleetwood Motor Homes of Indiana Inc.*, 480 F.3d 695, 699 (5th Cir. 2007) (emphasis added), citing *Dalme v. Blockers Mfd. Homes, Inc.*, 779 So.2d 1014, 1028 (La. Ct. App. 3 Cir.2001); La. Civ. Code Ann. art. 2520.

Here, where Plaintiff has no proof of any **defect** in the PVP, her redhibition claim also fails as a matter of law. *See Dendinger*, 2018 WL 4462579 at *4-5.

### D. NON-LPLA THEORIES.

Finally, Plaintiff seeks recovery under a litany of theories barred by the LPLA. *See* Rec. Doc. 1 at ¶¶ 33-36 (negligence); 41-48 (breach of warranty of fitness and breach of implied warranty). The LPLA is the only theory available against manufacturers for injuries caused by medical devices. La. Rev. Stat. Ann. § 9:2800.52 (West 2019) ("A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]"); *see also Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 261-62 (5th Cir. 2002) (stating that negligence is no longer viable as an independent theory of recovery

against a manufacturer); *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1248 (5th Cir. 1997) ("Louisiana law eschews all theories of recovery in this case except those explicitly set forth in the LPLA."); *Jenkins v. Int'l Paper Co.*, 41,566 (La. App. 2 Cir. 11/15/06), 945 So. 2d 144, 147; *Ervin v. Guidant Corp.*, 08-03783, 2010 WL 3081306 (E.D. La. Aug. 5, 2010) ("[C]ourts applying Louisiana law have frequently dismissed cases that assert theories of fraud, negligence, and misrepresentation because such claims are outside the scope of the LPLA."), citing *Barrette v. Dow Agrosciences, L.L.C.*, 2002 WL 31365598, at *4 (E.D. La. Oct.18, 2002) (dismissing plaintiff's claims of negligence, strict liability, redhibition, breach of implied warranty, fraud, and misrepresentation). Therefore Ethicon is entitled to summary judgment dismissing all of Plaintiff's non-LPLA claims with prejudice.

### III.  CONCLUSION

Plaintiff lacks the requisite evidence to support any available theory of liability, and summary judgment should be granted.

Respectfully submitted,

**IRWIN FRITCHIE URQUHART & MOORE LLC**

BY:    */s/    Gretchen F. Richards*
        DOUGLAS J. MOORE (#27706)
        CAMALA E. CAPODICE (#29117)
        MEERA U. SOSSAMON (#34797)
        GRETCHEN F. RICHARDS (#35782)
        400 Poydras Street, Suite 2700
        New Orleans, Louisiana 70130
        Telephone: (504) 310-2100
        Fax: (504) 310-2101
        dmoore@irwinllc.com
        ccapodice@irwinllc.com
        msossamon@irwinllc.com
        grichards@irwinllc.com

*Of Counsel*

RICHARD M. DYE (Ms. Bar No. 99147)
BUTLER SNOW LLP
1020 Highland Colony Parkway
Ridgeland, MS 39157
Phone: (601) 985-4513
Fax: (601) 985-4500
rick.dye@butlersnow.com

*Attorneys for Defendants Johnson & Johnson, and Ethicon, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Plaintiff's counsel by operation of the court's electronic filing system.

                                      */s/    Gretchen F. Richards*